UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MINGJUN LIN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:26-cv-11135-IT |
| ANTONE MONIZ, et al., | * |
| | * |
| Respondents. | * |
| | * |

MEMORANDUM & ORDER

March 10, 2026

TALWANI, D.J.

Petitioner Mingjun Lin is a Chinese national who has been detained by ICE since June 27, 2025. Pet. ¶¶ 1, 3 [Doc. No. 1]. Petitioner is currently detained at Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶ 4. On March 5, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that his "custody is governed by § 236(a) [8 U.S.C. § 1226(a)], which provides for discretionary custody and the possibility of a bond hearing. Detention under § 1225(b) is therefore unauthorized by statute and violates due process" Id. ¶ 6.

Respondents state "that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp. to Habeas Pet. 1 [Doc. No. 5]. Respondents further note that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than March 17, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

March 10, 2026                                      /s/ Indira Talwani
                                                                                                United States District Judge